Evans, J.
delivered the opinion of the Court.
In this case the defence was usury, and that was clearly proved by the witness, Daniel Thomas : so that the only disputed point of the case, was whether the jury would believe him. The verdict, giving the whole debt, answers the question ; and as it is one which belongs exclusively tp the jury, the case would be dismissed without further observation, but for the fact stated in the first ground of the notice *183 of appeal. The fact to which this ground alludes, is that Mr. McBeth, one of the witnesses by whom Thomas’s credit was attacked, was one of the jurors who tried the case. All the authorities, from Lord Coke down, say that a juror should “ stand indifferent as he stands unsworn.” This he cannot be said to be, if he has already made up his mind on the question upon which his verdict depends. If a juror has already made up his mind, before he hears the evidence, founded on his own knowledge, or what he has heard from others, he is not indifferent between the parties. His assent to the verdict is not “ according to the evidence” which he has heard on the trial, but a foregone conclusion to which his mind had attained before the trial commenced. Such an objection to a juror would, I have little doubt, be a good ground of challenge.— If the juror had made up his mind, on the main fact, on which either the plaintiff’s right or the defendant’s defence finally depended, the reason of the objection applies with equal force, though it might not be a ground of challenge, as its importance to the issue could not be very well known before the trial commenced; (See on the right of challenge, Thomas’s Coke, 380; and the American cases collected in the American Digest, 2d vol. 686.) It certainly is contrary to the first principles of jury trial, that one who had already decided the case in his own mind, should sit in the jury box. To him the examination of witnesses, the argument of counsel, and the charge of the Judge, is an unmeaning ceremonial. But the objection applies with greater force when the juror is converted into a witness, and has added the solemnity of an oath for the truth of his opinion. How can any man be expected to surrender an opinion, thus expressed, or assent to any verdict in opposition to those facts or opinions which he has stated under oath? His pride, his self-respect, and his oath, all forbid it. So entirely is this Court satisfied that such a witness is an improper juror, that where the verdict depended on his evidence alone, a case might arise in which the Court would feel bound to order a new trial; but this is not such a case; there was abundant evidence besides. But we have availed ourselves of the occasion- — being the first that has been presented, to express our opinion, that where it is intended to examine a juror as a witness, and especially on the question of the credibility of witnesses, notice in fairness should be given to the opposite side, and thus enable him to know to what extent the juror’s verdict will be influenced by his own evidence.
The motion is dismissed.
The whole Court concurred.

Motion refused.